IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

DAVID BLISS,

Plaintiff,

vs.

BNSF RAILWAY COMPANY,

Defendant.

4:12CV3019

**MEMORANDUM AND ORDER**

The plaintiff's initial complaint alleged a claim to recover for alleged work-related injuries under the Federal Employer's Liability Act, 45 U.S.C.A. § 51, et. seq. ("FELA").  While that complaint was the operative pleading, the defendant filed a motion in limine to preclude the following information from being mentioned or presented as evidence at trial.

- the basis and circumstances precipitating Plaintiff's termination or firing from his work for the railroad, including BNSF's post-termination surveillance of the plaintiff;

- evidence of Plaintiff's lost wages because the plaintiff was seeking recovery for these same damages in a separate action claiming wrongful discharge under the FRSA;

- evidence of loss of earning capacity caused by the accident at issue, including the opinions and conclusions of Dr. Malcolm Cohen, because this claim was never pleaded and to the extent it is calculated based on the plaintiff's railroad wages, the calculations are inadmissible and inaccurate;

- evidence of Plaintiff's FRSA claim, including plaintiff's allegations that BNSF wrongfully disciplined or terminated Plaintiff or any other BNSF employee for reporting a workplace injury; and

- the opinions and conclusions of Mr. Terry L. Cordray because they were not timely disclosed, are improperly based upon the assumption that Plaintiff would be able to return to his work with BNSF but for the alleged work-related injury at issue in this FELA action; and Mr. Cordray is not competent and lacks a sufficient factual basis for testifying that Plaintiff is "permanently disabled and/or "permanently totally disabled."

(Filing No. 53).

After the defendant's motion in limine was filed, the plaintiff's unopposed motion to amend his complaint was granted.  The plaintiff filed an amended complaint which added a

wrongful termination claim and specifically alleged the right to recover for loss of earning capacity. The case progression deadlines were also extended after the motion in limine was filed.

Other than its competency, foundation, and relevancy challenges to the expert opinions of Dr. Malcolm Cohen and Mr. Terry Cordray, the defendant's motions in limine were rendered moot by the amendments to the plaintiff's complaint and the continuance of the court's progression schedule. As to the expert's opinions, the parties' deadlines for expert disclosures and for deposing experts were extended, with supplemental expert reports due after the plaintiff responded to the defendant's motion in limine. Since the court may not currently have the complete record before it related to the experts' opinions, the court will deny the motions in limine/Daubert motions related to the admissibility of those opinions, but without prejudice to raising these motions again upon a complete record.

Accordingly,

IT IS ORDERED:

1)      The defendant's motion in limine, (Filing No. 53), is denied as follows:

      a.      The defendant's arguments challenging the admissibility of the opinions of Dr. Malcolm Cohen and Mr. Terry Cordray on substantive grounds are denied without prejudice to re-filing upon a complete record. As to these experts, or any other experts in this case, any renewed or additional Daubert motions shall be filed on or before June 10, 2013.

      b.      In all other respects, the defendant's motion is limine is denied as moot.

2)      The court's order herein does not preclude the parties from filing additional motions in limine. Any such motions shall be filed at least five business days prior to trial.

May 23, 2013.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge