# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **DAVID BLISS,** | ) | **CASE NO. 4:12-CV-03019** |
| | ) | |
| **Plaintiff,** | ) | **DEFENDANT'S PROPOSED** |
| | ) | **JURY INSTRUCTIONS, VERDICT** |
| **vs.** | ) | **INTERROGATORIES AND** |
| | ) | **VERDICT FORM** |
| **BNSF RAILWAY COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

Defendant BNSF Railway Company ("BNSF"), pursuant to the Order on Final Pretrial Conference (Filing No. 176) and NECivR 51.1, hereby submits the attached Proposed Jury Instructions, Verdict Interrogatories and Verdict Form. BNSF requests that the Court provide the following Eighth Circuit Model Civil Jury Instructions: §§ 1.03, 1.04, 1.06, 3.01, 3.02, 3.03, 3.04, and 3.06. BNSF reserves the right to submit additional instructions based on developments at trial.

DATED this 12th day of May, 2014.

BNSF RAILWAY COMPANY,
Defendant.

By:    s/Katherine Q. Martz
Thomas C. Sattler #16363
Nichole S. Bogen #22552
Katherine Q. Martz #25094
SATTLER & BOGEN
701 P Street, Suite 301
The Creamery Building
Lincoln, NE 68508
tcs@sattlerbogen.com
nsb@sattlerbogen.com
kqm@sattlerbogen.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 12, 2014, I electronically filed the foregoing **Defendant's Requested Jury Instructions, Verdict Interrogatories and Verdict Form** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

William J. McMahon
Matthias D. Gill
Hoey & Farina
542 South Dearborn, Suite 200
Chicago, Illinois   60605
mcmahon@hoeyfarina.com
mgill@hoeyfarina.com

s/Katherine Q. Martz

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. ___**

**PLAINTIFF'S CLAIM**

<u>This case involves an incident which the plaintiff, David Bliss, alleges occurred on February 3, 2011, while the plaintiff was working for defendant, BNSF Railway Company, at the BNSF Havelock Shop in Lincoln, Nebraska. The plaintiff claims that he was injured while repairing a railroad car.</u>

Your verdict must be for the plaintiff and against the defendant if all of the following elements have been proved <u>by the greater weight of the evidence</u>:

*First,* the plaintiff was an employee of defendant; and

*Second,* defendant failed to provide:

> (reasonably safe conditions for work [in that (describe the conditions at issue)] or)

> (reasonably safe tools and equipment [in that (describe the tools and equipment at issue)] or)

> (reasonably safe methods of work [in that (describe the methods at issue)] or)

> (reasonably adequate help [in that (describe the inadequacy at issue)]); and

*Third,* defendant in any one or more of the ways described in Paragraph Second was negligent; and

*Fourth,* that negligence (played any part in causing injury to the plaintiff) <u>was the cause of the plaintiff's injury, in whole or in part.</u>

If any of the above elements has not been proven <u>by the greater weight of the evidence</u>, then your verdict must be for defendant.

8TH CIR. CIVIL JURY INSTR. § 15.40 (2013) (modified).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. ____**

**FEDERAL EMPLOYERS' LIABILITY ACT DEFINITION**

Section 1 of the Federal Employers' Liability Act (45 U.S.C. § 51) under which the plaintiff claims the right to recover damages in this action, provides in part that:

> Every common carrier by railroad while engaging in commerce between any of the several States… shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce,… for such injury… resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier…

It is agreed that, at the time and place alleged by the plaintiff, defendant BNSF Railway Company was a common carrier by railroad engaged in interstate commerce.

*Devitt, Blackmar & Wolff* § 94.09 (4th Ed. 1987).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. ___**

**CORPORATE DEFENDANT**

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations of life. A corporation is entitled to the same fair trial at your hands as a private individual. All persons, including corporations, partnerships, unincorporated associations, and other organizations, stand equal before the law, and are to be dealt with as equals in a court of justice.

*Devitt, Blackmar & Wolff* § 71.04 (4th Ed. 1987).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. ___**

**EMPLOYER NOT LIABLE FOR EVERY INJURY**

In this case, the plaintiff seeks to recover damages under a law of the United States commonly called the Federal Employers' Liability Act.  Defendant BNSF Railway Company is not an insurer or guarantor of the plaintiff's safety, and the mere fact of injury is not alone evidence of negligence on the part of defendant. The legal principles that govern the employer's liability will be stated to you in the instructions that follow.

*Book of Approved Jury Instructions (California)* § 11.05; *Chicago, Rock Island & Pacific R.R. Co. v. Lint*, 217 F.2d 279 (8th Cir. 1954).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. ___**

**DEFINITIONS OF THE TERMS "NEGLIGENT" OR "NEGLIGENCE" AND
"ORDINARY CARE" COMBINED**

The term "negligent" or "negligence" as used in these Instructions means the failure to use ordinary care.  The phrase "ordinary care" means that degree of care that an ordinarily careful person <u>or corporation</u> would use under the same or similar circumstances. The degree of care used by an ordinarily careful person <u>or corporation</u> depends upon the circumstances which are known or should be known and varies in proportion to the harm that a person <u>or corporation</u> reasonably should foresee.  In deciding whether a person <u>or corporation</u> was negligent or failed to use ordinary care you must consider what that person <u>or corporation</u> knew or should have known and the harm that should reasonably have been foreseen.


8TH CIR. CIVIL JURY INSTR. § 15.22 (2013) (modified); *Bissett v. Burlington Northern R. Co.*, 969 F.2d 727 (8th Cir. 1992); *Peyton v. St. Louis South Western Ry. Co.*, 962 F.2d 832 (8th Cir. 1992) (The railroad had to "exercise the same degree of care as an ordinary, reasonable person would exercise in similar circumstances.")

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. ___**

**ACTUAL OR CONSTRUCTIVE KNOWLEDGE OF
DEFECTIVE CONDITION IN WORKPLACE**

Before you may find defendant BNSF Railway Company liable for the plaintiff's injury allegedly resulting from an "unsafe tool (the ram)" you must be satisfied that defendant had either actual or constructive notice of the alleged "unsafe tool (the ram)," and that it had a reasonable opportunity to repair or remedy the tool before the incident involved in this action.

Actual notice of the alleged "unsafe tool (the ram)," is said to exist when one has direct information. Constructive notice of the alleged "unsafe tool (the ram)," is said to exist when the said tool is plainly visible or has existed long enough that by the use of reasonable care should have been discovered. The legal effect of constructive notice is the same as actual notice.

To find that defendant had notice, actual or constructive, of the "unsafe tool (the ram)," you must be satisfied that such notice was received by an employee who was authorized to address such condition, or by an employee having a duty to report such condition to one in authority.

*Pattern Instructions for Kansas* § 16.04. *Adams v. CSX Transp., Inc.* 899 F.2d 536, 539 (6th Cir. 1990); *Ackley v. Chicago and North Western Transp. Co.*, 820 F.2d 263, 267 (8th Cir. 1987); *Gallick v. Baltimore & Ohio R.R. Co.*, 372 U.S. 108 (1963).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. ___**

**NO DUTY TO PROVIDE "LATEST AND BEST TOOLS"**

An employer, such as defendant BNSF Railway Company in this case, has a duty to use ordinary care to provide employees reasonably safe equipment with which to do their work.

However, an employer is not required to furnish the latest, best and safest equipment, or to discard standard equipment upon the discovery of later developments. Neither is there any duty on the employer to anticipate the misuse of equipment nor to guard against the consequences of misuse.

Ordinarily, an employee is not required to make any inspection of the equipment that the employer furnishes. In the absence of knowledge to the contrary and in the absence of circumstances that caution such employee or would caution a reasonably careful person in like position to the contrary, an employee may assume that the employer has furnished him with safe equipment with which to perform such work, and may rely and act on that assumption.

However, it is the duty of the employee to use ordinary care to discover open and obvious defects which render such equipment dangerous to use in the performance of his work.

*Book of Approved Jury Instructions* (California) § 11.11 (1991 Revision); *Hane v. National R.R. Passenger Corp.*, 110 F.3d 573 (8th Cir. 1997) (instruction that railroad was not "required to furnish the latest, best and safest tools," is a correct statement of the law); *McGivern v. Northern Pac. Ry. Co.* 132 F2d 213, 218 (8th Cir. 1942) (a railroad employer is not required to furnish the safest, most approved devices to complete a task.)

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. ___**

**REASONABLE FORESEEABILITY**

In determining whether defendant BNSF Railway Company was negligent, it is important to understand that defendant was under no obligation to look out for the plaintiff's safety unless it was reasonably foreseeable to defendant that a harmful situation existed or would result.  This should include what defendant knew or in the exercise or ordinary care should have known.  Foreseeability of harm is an essential ingredient under the Federal Employers' Liability Act.

Whether the harm is reasonably foreseeable is to be judged in light of all the facts and circumstances as they existed at and before the time of the claimed incident.  The fact that it is now possible to see some way to prevent the incident is irrelevant.

*CSX Transp., Inc. v. McBride*, 131 S. Ct. 2630, 2646 (2011); *Gallick v. Baltimore & Ohio R.R. Co.*, 372 U.S. 108, 117, 83 S.Ct. 659, 665 (1963); *Bissett v. Burlington Northern R.R. Co.*, 969 F.2d 727, 729-30 (8th Cir. 1992).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. \_\_\_**

**SOLE NEGLIGENCE**

It was the continuing duty of the plaintiff to exercise ordinary care for his own safety.

If the plaintiff failed in such duty, he was negligent.  If such negligence was the sole cause

of the injury, then the plaintiff may not recover under the Federal Employers' Liability Act.

*Wise v. Union Pac. R.R. Co,* 815 F.2d 55 (8th Cir. 1987); *Chicago, St. P., M.& O R.R. Co. v. Arnold,* 160 F.2d 1002 (8th Cir. 1947); *Meyers v. Union Pac. R.R. Co.,* 738 F.2d 328 (8th Cir. 1984).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. ___**

**CONTRIBUTORY NEGLIGENCE UNDER THE FELA**

If you find in favor of the plaintiff under Instruction No.____, you must consider whether the plaintiff was also negligent.   Under this Instruction, you must assess a percentage of the total negligence to the plaintiff on the plaintiff's claim against defendant if all of the following elements have been proved by a greater weight of the evidence:

*First*, the plaintiff was negligent in one or more of the following ways:

a. Failing to adopt and use safe work habits;

b. Failing to act within and in accordance with the specific instruction and orders of his superiors;

c. Failing to act within instructions and specific training received through classroom, laboratory instructions and on-the-job experience;

d. Failing to request and utilize available and appropriate personal protective equipment and engineering controls for use in performing his work activities;

e. Failing to use his tools, equipment and components provided in an appropriate and safe manner and consistent with instruction and warnings;

f. Failing to report any alleged defects or safety hazards known to or discovered by him related to his tools, equipment or components utilized in the performance of his work tasks;

g. Failing to conduct himself in accordance with the established customs and practices;

h. Failing to institute proper procedures so as not to injure himself in violation of BNSF Safety Rules and common practice, and other rules applicable;

     i.   <u>Failing to use safe lifting practices in violation of Mechanical Safety Rule 1.4.7;</u>

     j.   <u>Failing to report that he was experiencing any difficulty or problems with tools, equipment or his work areas;</u>

     k.   <u>Failing to request different or alternative tools or equipment to perform his job assignment;</u>

     l.   <u>Failing to advise his supervisors that he was experiencing any adverse health effects as a result of his normal work activities; and</u>

     m.   <u>Failing to request reassignment if his work activities were causing any health concerns or personal injury.</u>

*Second*, the plaintiff was thereby negligent; and

*Third,* such negligence (of plaintiff resulted in whole or in part in his injury), <u>in any one or more of the ways described in Paragraph First, was a cause of the plaintiff's claimed injury, in whole or in part.</u>

If any of the above elements have not been proved by the greater weight of the evidence, then you must not assess a percentage of negligence to the plaintiff.

8TH CIR. CIVIL JURY INSTR. § 15.63 (2013) (modified); *Norfolk Southern Ry. Co. v. Sorrell,* 549 U.S. 158, 171, 127 S.Ct. 799, 808 (2007) ("[T]he same standard of causation applies to railroad negligence under Section 1 as to the plaintiff contributory negligence under Section 3.")

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. ___**

**REASONABLE DAMAGES**

Damages must be reasonable.  If you should find that the plaintiff is entitled to a verdict, you may award him only such damages as will reasonably compensate him for such injury and damage as you find from the greater weight of the evidence in the case that he has sustained.

You are not permitted to award speculative damages.  So, you are not to include in any verdict compensation for any prospective loss which, although possible, is not reasonably certain to occur in the future.


3 Fed. Jury Prac. & Instr. § 128.60 (6th Ed.)

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. ___**

**DAMAGES—INJURY TO EMPLOYEE**

If you find in favor of the plaintiff, then you must award the plaintiff such sum as you find <u>by the greater weight of the evidence</u> will fairly and justly compensate the plaintiff for any damages you find plaintiff sustained and is reasonably certain to sustain in the future as a direct result of (the occurrence mentioned in the evidence) <u>defendant's negligence</u>. You should consider the following elements of damages:

(1.) The physical pain and suffering the plaintiff has experienced and is reasonably certain to experience in the future; the nature and extent of the injury, whether the injury is temporary or permanent including any aggravation of a pre-existing condition.

(2. The reasonable expense of medical care and supplies reasonably needed by and actually provided to the plaintiff to date (and the present value of reasonably necessary medical care and supplies reasonably certain to be received in the future);

(3. The earnings the plaintiff has lost to date (and the present value of earnings the plaintiff is reasonably certain to lose in the future);

(4. The reasonable value of household services which the plaintiff has been unable to perform for [(himself) (herself)] to date (and the present value of household services the plaintiff is reasonably certain to be unable to perform for [(himself) (herself)] in the future).)

Remember, throughout your deliberations you must not engage in any speculation, guess or conjecture and you must not award any damages by way of punishment or through sympathy.

If you (assess a percentage of negligence to the plaintiff by reason of Instruction No. ___, do not diminish the total amount of damages by the percentage of negligence you assess to the plaintiff. The court will do this.) find that defendant has proved by the greater weight of the evidence that the plaintiff has failed to take reasonable steps to minimize his damages, then your award must not include any sum for any amount of damage which you find the plaintiff might reasonably have avoided by taking such steps.

8TH CIR. CIVIL JURY INSTR. § 15.70 (2013) (modified).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. ____**

**MITIGATION OF DAMAGES**

Defendant has alleged that the plaintiff failed to take reasonable steps to minimize his damages in the following respects:

1.    By failing to make reasonable efforts to recover from his injuries;

2.    By failing to follow the treatment prescribed by his health care providers;

3.    By failing to earn wages when he was able to work;

4.    By failing to timely seek and obtain appropriate and competent medical advice or treatment  which would resolve or reduce any alleged injury; and

5.    By failing to timely seek other employment or retraining consistent with any physical limitations or problems.

If you find that defendant has proved by the greater weight of the evidence that the plaintiff has failed to take reasonable steps to minimize his damages, then your award must not include any sum for any amount of damage which you find the plaintiff might reasonably avoided by taking such steps.

8TH CIR. CIVIL JURY INSTR. § 15.70 comment 6 (2013) (modified).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. ___**

**APPORTIONMENT OF DAMAGES BASED ON PREEXISTING CONDITION**

If you find for the plaintiff, you should compensate him for any aggravation of an existing back condition resulting from the February 3, 2011 incident. If you find that there was an aggravation, you should determine if you can, what portion of the plaintiff's back condition resulted from the aggravation and make allowance in your verdict only for the aggravation. However, if you cannot make that determination or if it cannot be said that the condition would have existed apart from the incident occurring on February 3, 2011, you should consider and make allowance in your verdict for the entire injury.

Defendant is not to be held responsible for any injury caused by the preexisting condition which would have resulted independently of the alleged injury on February 3, 2011.

3A Fed. Jury Prac. & Instr. § 155.65 (5th Ed. 2001) (modified); *Sauer v. Burlington N. R.R. Co.,* 106 F.3d 1490, 1494-95 (10th Cir. 1996).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. \_\_\_**

**PRESENT VALUE OF FUTURE LOSS**

If you find that the plaintiff will sustain <u>a diminished earning capacity</u>, then you must reduce those future damages to their present value.  The present value of future damages is the amount of money that will fully compensate the plaintiff for future damages, assuming that amount is invested now and will earn a reasonably risk-free rate of interest for the time that will pass until the future damages occur.

You must not reduce to present value any non-economic damages you find that the plaintiff is reasonably certain to sustain in the future, such as for pain and suffering (or mental anguish).

8TH CIR. CIVIL JURY INSTR. § 15.72 (2013) (modified).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. ___**

**INCOME TAX EFFECTS OF AWARDS**

The plaintiff will not be required to pay any federal or state income taxes on any amount that you award. When calculating lost earnings, if any, you should use after-tax earnings.

8TH CIR. CIVIL JURY INSTR. § 15.73 (2013).

**DEFENDANT'S REQUESTED VERDICT INTERROGATORIES**

1.      Was defendant BNSF Railway Company negligent as to the plaintiff's claim that he injured his back on February 3, 2011?

ANSWER: Yes or No _____.


If your answer to this question is "No", please enter your findings in favor of defendant BNSF Railway Company and have the foreperson sign the Verdict Form below and notify the bailiff that you have reached a verdict. If your answer to this question is "Yes", please proceed to the next question, No. 2.


2.      If your answer to question No. 1 was "Yes", was the negligence of defendant BNSF Railway Company a cause, in whole or in part, of the plaintiff's alleged injuries, in that it was a natural and probable consequence of defendant's conduct and defendant's conduct was a substantial factor in bringing about the injury?

ANSWER: Yes or No _____.


If your answer to this question is "No", please enter your findings in favor of defendant BNSF Railway Company and have the foreperson sign the Verdict Form below and notify the bailiff that you have reached a verdict. If your answer to this question is "Yes", please proceed to the next question, No. 3.


3.      If your answer to question No. 2 was "Yes", was the plaintiff negligent as to his claim that he injured his back on February 3, 2011?

ANSWER: Yes or No _____.


If your answer to this question is "Yes", please proceed to the next question, No. 4.
If you answered "No" to this question, please proceed to question No. 6.


4.      If your answer to question No. 3 was "Yes", was the negligence of the plaintiff a cause, in whole or in part, of his alleged injuries in that it was a natural and probable consequence of his conduct and his conduct was a substantial factor in bringing about the injury?

ANSWER: Yes or No _____.


If your answer to this question is "Yes", please proceed to the next question, No. 5.
If you answered "No" to this question, please proceed to question No. 6.


5.      If your answer to question No. 4 was "Yes", taking as 100% of the combined negligence of the defendant BNSF Railway Company and the plaintiff, what percentage of the negligence was the defendant's and what percentage was the plaintiff's?

ANSWER:

Percentage charged to the defendant:    _____%.

Percentage charged to the plaintiff:    _____%.

TOTAL:    <u>100%</u>

6.      What amount do you find (without any reduction for any negligence which you may find on the part of the plaintiff, his pre-existing condition of his back or other contributing causes to his current condition, including any subsequent injuries to his back, including age or other factors, or the plaintiff's failure to mitigate his damages) will fairly and adequately compensate plaintiff for his claims that he injured his back on February 3, 2011?

ANSWER:    $_____.


7.      Does the plaintiff suffer from a pre-existing condition of his back not caused by the negligence of defendant BNSF Railway Company?

ANSWER: Yes or No _____


8.      If your answer to question No. 7 was "Yes", what percentage of the damages determined in question No. 6 above is attributable to any pre-existing condition or other contributory conditions or factors, including events occurring prior or subsequent to the occurrence or course of events made the basis of the plaintiff's claim against defendant?

ANSWER:    _____%.


9.      Did the plaintiff fail to mitigate his alleged damages?

ANSWER: Yes or No _____.

10.     If your answer to question No. 9 was "Yes", what amount of the plaintiff's damages as determined in response to question No. 6 do you find could have been avoided by the plaintiff had he taken reasonable steps to mitigate his damages?

ANSWER:    $_____.

If you have provided answers to question Nos. 3 through 10, please enter your findings and the appropriate sum in favor of the plaintiff on the Verdict Form below.

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| DAVID BLISS, | ) | CASE NO. 4:12-CV-03019 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | DEFENDANT'S PROPOSED |
| | ) | SPECIAL VERDICT FORM |
| BNSF RAILWAY COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

<u>**VERDICT**</u>

**Note:** Complete this form by writing in the name required by your verdict.

On plaintiff David Bliss' claim against defendant BNSF Railway Company, we, the jury, find in favor of:

| | or | |
|---|---|---|
| | | |
| Plaintiff David Bliss | | Defendant BNSF Railway Company |

**Note:** Complete the next paragraph only if the above finding is in favor of the plaintiff.

We, the jury assess the total damages of Plaintiff David Bliss at $_____.

DO NOT REDUCE THIS AMOUNT BY THE PERCENTAGE OF NEGLIGENCE, IF ANY, YOU FIND IN THE NEXT QUESTION.

**Note:** If you do not assess a percentage of negligence to Plaintiff David Bliss under Instruction No. _____, then write "0" in the blank in the following paragraph.  If you do assess a percentage of negligence to the plaintiff by reason of Instruction No. ___, then write the percentage of negligence in the blank in the following paragraph. The court will then reduce the total damages you assess above by the percentage of negligence you assess to the plaintiff.

We, the jury, find Plaintiff David Bliss to be _____% negligent.

_____
Foreperson

Dated: _____