IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DAVID BLISS, | ) | |
| | ) | |
| Plaintiff. | ) | |
| | ) | |
| v. | ) | Case No. 12 CV 3019 |
| | ) | |
| BNSF RAILWAY COMPANY, | ) | **PLAINTIFF'S PROPOSED** |
| | ) | **JURY INSTRUCTIONS** |
| Defendant. | ) | |

Plaintiff, David Bliss, through his undersigned counsel, submits herewith his Proposed Jury Instructions.

        David Bliss

By:  s/ William J. McMahon
     William J. McMahon, Attorney
     Matthias Gill, Attorney
     Hoey & Farina
     542 South Dearborn Street, Suite 200
     Chicago, IL 60605
     312.939.1212

You will have to decide whether certain facts have been proved by the greater weight of the evidence. A fact has been proved by the greater weight of the evidence, if you find that it is more likely true than not true. You decide that by considering all of the evidence and deciding what evidence is more believable.

You have probably heard the phrase "proof beyond a reasonable doubt." That is a stricter standard than "more likely true than not true." It applies in criminal cases, but not in this civil case; so put it out of your mind.

Plaintiff's Jury Instruction #1:
8TH CIR. CIVIL JURY INSTR. § 3.04 Burden of Proof

The term "negligent" or "negligence" as used in these Instructions means the failure to use ordinary care. The phrase "ordinary care" means that degree of care that an ordinarily careful person would use under the same or similar circumstances. The degree of care used by an ordinarily careful person depends upon the circumstances, which are known or should be known and varies in proportion to the harm that person reasonably should foresee. In deciding whether a person was negligent or failed to use ordinary care you must consider what that person knew or should have known and the harm that should reasonably have been foreseen.

Plaintiff's Jury Instruction #2:

8TH CIR. CIVIL JURY INSTR. § 7.11 Definitions Of The Terms "Negligent" Or "Negligence" And "Ordinary Care" Combined

Under the federal law which controls this case, a railroad employer is liable in money damages to its railroad employee if the railroad employer is negligent and such negligence played any part, even the slightest, in producing injuries to the employee in the course of his employment.

If, therefore, you find by a preponderance of the evidence that the defendant railroad, BNSF Railway, was negligent and that its negligence played any part in producing the injuries to the plaintiff, David Bliss, its employee, then your verdict must be in favor of the plaintiff and against the defendant.

Plaintiff's Jury Instruction #3:

45 U.S.C.A. § 51; *DeLima v. Trinidad Corp.*, 302 F.2d 585 (2d Cir. 1962); *Rogers v. Missouri Pac. R. Co.*, 352 U.S. 500, 77 S. Ct. 443, 1 L. Ed. 2d 493 (1957).

Defendant "caused or contributed to" Plaintiff's injury if Defendant's negligence played a part – no matter how small – in bringing about the injury. There can be more than one cause contributing to an injury. The mere fact that an injury occurred does not necessarily mean that the injury was caused by negligence.

Plaintiff's Jury Instruction #4:

7TH CIR. CIVIL JURY INSTR. § 9.02 – Definition Of Causation

Under the federal law which controls this case, the plaintiff, David Bliss, cannot be held to have assumed any of the risks of his employment if you find by a preponderance of the evidence that his employer, the defendant, BNSF Railway, was negligent and that such negligence played any part, even the slightest, in producing injuries to the plaintiff.

In other words, if you find that the plaintiff has proven by a preponderance of the evidence that the defendant railroad was negligent and that such negligence played any part in producing injuries to plaintiff, then under the law you cannot find that the defendant railroad is relieved of responsibility to the plaintiff because plaintiff engaged in his work knowing that risks were involved in connection with his work.

Plaintiff's Jury Instruction #5:

Title 45 U.S.C.A. § 54; *Rogers v. Missouri Pac. R. Co.*, 352 U.S. 500, 77 S. Ct. 443, 1 L. Ed. 2d 493 (1957).

An employer, acting through its authorized employees and servants, has the duty to use reasonable care in furnishing its employees safe appliances with which to work. However, an employer is not required to guarantee to any employee absolute safety under every condition. It is only required to use such care as the circumstances reasonably require.

If you find from the testimony in this case that defendant, through its agents and employees, failed to use that degree of prudence and caution in the furnishing and maintaining of the ram with which plaintiff was required to work, which a reasonable and cautious person would have used under the same circumstances, and if you further find that such failure played any part, even the slightest, in causing the injury claimed by plaintiff, then you will find a verdict for plaintiff.

If you find from the evidence in this case that defendant, through its servants and employees, exercised reasonable care in providing plaintiff reasonably safe appliances with which to work, your verdict should be for defendant.

Plaintiff's Jury Instruction #6:

*Blair v. Baltimore & O. R. Co.*, 323 U.S. 600, 65 S. Ct. 545, 89 L. Ed. 490 (1945); *Williams v. Atlantic Coast Line R. Co.*, 190 F.2d 744 (5th Cir. 1951)

Your verdict must be for plaintiff and against defendant BNSF on plaintiff's FELA claim if all of the following elements have been proved:

*First*, plaintiff Bliss was an employee of defendant BNSF, and

*Second*, defendant BNSF failed to provide:

1. Violated certain safety standards including BNSF Ergonomics standards and industry safety standards;
2. Required plaintiff to perform his job duties in an unsafe manner by providing the use of an unsafe tool (the ram) for the required work;
3. Failed to provide plaintiff with safe and suitable equipment and tools, specifically an appropriate A-frame press;
4. Required plaintiff to work in awkward physical postures and lifting beyond his capacity and BNSF safety requirements causing him to sustain injury by requiring the use of unsafe tools (the ram) for the required work;
5. Subjected plaintiff to unsafe physical postures which caused injury to his back by requiring the use of unsafe tools (the ram) for the required work;
6. Negligently assigned work to be performed when the proper tools were unavailable in order to increase shop production when it knew or should have known of the unsafe workplace for its employees it created by not having the safe and appropriate tools available to do the assigned work;

*Third*, defendant BNSF in any one or more of the ways described in Paragraph *Second* was negligent, and

*Fourth*, such negligence resulted in whole or in part in injury to plaintiff.

If any of the above elements has not been proved, then your verdict must be for defendant BNSF.

Your verdict must be for defendant if you find in favor of defendant under Instruction ____.

Plaintiff's Jury Instruction #7:

8TH CIR. CIVIL JURY INSTR. § 7.01 General F.E.L.A. Negligence

If you find in favor of plaintiff, then you must award plaintiff such sum as you find by the greater weight of the evidence will fairly and justly compensate plaintiff for any damages you find plaintiff sustained and is reasonably certain to sustain in the future as a direct result of the occurrence mentioned in the evidence. You should consider the following elements of damages:

1. The physical pain and mental suffering plaintiff has experienced and is reasonably certain to experience in the future; the nature and extent of the injury, whether the injury is temporary or permanent and whether any resulting disability is partial or total, including any aggravation of a pre-existing condition;

2. The earnings plaintiff has lost to date and the present value of earnings plaintiff is reasonably certain to lose in the future;

Remember, throughout your deliberations you must not engage in any speculation, guess, or conjecture and you must not award any damages by way of punishment or through sympathy.

If you assess a percentage of negligence to plaintiff by reason of Instruction ___, do not diminish the total amount of damages by the percentage of negligence you assess to plaintiff. The court will do this.

Plaintiff's Jury Instruction #8:

8TH CIR. CIVIL JURY INSTR. § 7.06A F.E.L.A. Damages--Injury To Employee

There is evidence in this case that plaintiff had a pre-existing injury or condition which existed prior to February 3, 2011. The railroad is only liable for damages you find to be caused by the occurrence of February 3, 2011. If you find that plaintiff's pre-existing condition made him more susceptible to injury than a person in good health, the defendant is responsible for all injuries suffered by the plaintiff as a result of the defendant's negligence, even if those injuries are greater than would have been suffered by a person in good health under the same circumstances.

If you find that defendant negligently caused further injury or aggravation to plaintiff's pre-existing condition, plaintiff is entitled to compensation for all of plaintiff's damages caused by the incident, including that further injury or aggravation. If you cannot separate the pain or disability caused by the pre-existing condition from that caused by the occurrence of February 3, 2011, then the defendant is liable for all of plaintiff's injuries.

Plaintiff's Jury Instruction #9:

*Villa v Burlington Northern Santa Fe Railway Company*, 397 F. 3d 1041 (8th Cir. 2005); *Stevens v. Bangor & Aroostook Railroad Co.*, 97 F3d 594 (1st Cir. 1996).

If you find that plaintiff will sustain lost future earnings and benefits then you must reduce those future damages to their present value.

The present value of future damages is the amount of money that will fully compensate the plaintiff for future damages, assuming that amount is invested now and will earn a reasonably risk-free rate of interest for the time that will pass until the future damages occur.

You must not reduce to present value any non-economic damages you find that the plaintiff is reasonably certain to sustain in the future, such as for pain and suffering, or mental anguish.

Plaintiff's Jury Instruction #10:

8TH CIR. CIVIL JURY INSTR. § 7.06C F.E.L.A. Damages--Present Value Of Future Loss

The plaintiff will not be required to pay any federal or state income taxes on any amount that you award.

When calculating lost earnings, if any, you should use after-tax earnings.

Plaintiff's Jury Instruction #11:

8TH CIR. CIVIL JURY INSTR. § 7.06D F.E.L.A. Damages--Income Tax Effects Of Award

In this case, the rights of the plaintiff and the railroad are governed by a federal statute known as the Federal Employers' Liability Act. This act provides that railroad employees may be entitled to compensation from the railroad for work-related injuries as I will explain to you later in these instructions. This federal law supersedes and takes the place of any similar state law, which may provide benefits to non-railroad employees, commonly known as "Workers' Compensation."

PLAINTIFF'S INSTRUCTION NO. 12

NON FEDERAL CIVIL JURY INSTRUCTION OF THE SEVENTH CIRCUIT

*NORFOLK & WESTERN RAILWAY CO., v. LIEPOLT*, 444 U.S. 490, 100 S.Ct 755, 62 L.Ed.2d 689 (1980) provides authority of the general proposition that cautionary instructions should be provided to prevent enhanced recovery. The plaintiff should not be subjected to a verdict reduced by the jury out of an erroneous concern that there may be a double recovery.

# VERDICT

Note: Complete this form by writing in the name required by your verdict.

On the claim of plaintiff David Bliss against defendant BNSF, we, the jury find in favor of:

_____
Plaintiff David Bliss                    or                    Defendant BNSF


Note: Complete the next paragraph only if the above finding is in favor of plaintiff.

We, the jury, assess the total damages of plaintiff David Bliss at $_____.

DO NOT REDUCE THIS AMOUNT BY THE PERCENTAGE OF NEGLIGENCE, IF ANY, YOU FIND IN THE NEXT QUESTION.

Note: If you do not assess a percentage of negligence to David Bliss under Instruction _____ , then write "0" (zero) in the blank in the following paragraph. If you do assess a percentage of negligence to David Bliss by reason of Instruction _____, then write the percentage of negligence in the blank in the following paragraph. The court will then reduce the total damages you assess above by the percentage of negligence you assess to David Bliss.

We, the jury, find David Bliss to be _____% negligent.



Plaintiff's Jury Instruction #13:

8TH CIR. CIVIL JURY INSTR. § 7.08 Form Of Verdict--Contributory Negligence Submitted

DATED this 12th day of May, 2014.

                                      David Bliss

                 By:  s/ William J. McMahon
                       William J. McMahon, Attorney
                       Matthias Gill, Attorney
                       Hoey & Farina
                       542 South Dearborn Street, Suite 200
                       Chicago, IL 60605
                       312.939.1212
                       wmcmahon@hoeyfarina.com

## CERTIFICATE OF SERVICE

I, William J. McMahon, an attorney, certifies that on May 12, 2014, I electronically filed the foregoing Plaintiff's Jury Instructions with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

                    Thomas C. Sattler
                    Kate Q. Martz
                    Sattler & Bogen, LLP
                  701 P Street, Suite 301
                  Lincoln, NE 68508
                  tcs@sattlerbogen.com
                  nsb@sattlerbogen.com

                                                    /s/William J. McMahon