FILED
U. S. DISTRICT COURT
DISTRICT OF NEBRASKA

2014 MAY 22   AM 10: 53

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

DAVID BLISS,

        Plaintiff,

vs.

BNSF RAILWAY COMPANY,

        Defendant.

**4:12CV3019**

---

## FINAL JURY INSTRUCTIONS

---

INSTRUCTION NO. 1

Now that you have heard all of the evidence and arguments of counsel, it is my duty to instruct you in the law.  The instructions I gave at the beginning of the trial and during the trial remain in effect.  I will now give you some additional instructions.

You must continue to follow the instructions I gave you earlier, as well as those I give you now.  You must not single out some instructions and ignore others, because all are important.  This is true even though some of those I gave you at the beginning of and during the trial are not repeated here.

INSTRUCTION NO. 2

The law does not permit me to comment on the evidence, and I have not intentionally done so. If it appears to you that I have commented on the evidence, during either the trial or the giving of these instructions, you must disregard such comment entirely. You must not interpret any of my statements, actions, or rulings nor any of the inflections of my voice as reflecting an opinion as to how this case should be decided.

INSTRUCTION NO. 3

You are reminded that you are not to engage in any independent investigation of this case. For instance, you are not to consult a dictionary or any other like reference, perform internet research about this case or any aspect of this case, or "blog, tweet or twitter," or post anything on "Facebook." "You Tube," "Instagram," or similar sites about this case or about your service as a juror until you have been discharged as jurors.

INSTRUCTION NO. 4

In these instructions you are told that your verdict depends on whether you find certain facts have been proved. The burden of proving a fact is upon the party whose claim depends upon that fact. The party who has the burden of proving a fact must prove it by the greater weight of the evidence. To prove something by the greater weight of the evidence is to prove that it is more likely true than not true. It is determined by considering all of the evidence and deciding which evidence is more believable. If, on any issue in the case, the evidence is equally balanced, you must resolve that issue against the party who has the burden of proving it.

The greater weight of the evidence is not necessarily determined by the greater number of witnesses or exhibits a party has presented.

INSTRUCTION NO. 5

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.  You may believe all of what a witness said, or only part of it, or none of it.  In deciding what testimony to believe, you may consider a witness' intelligence, the opportunity a witness had to see or hear the things testified about, a witness' memory, any motives a witness may have for testifying a certain way, the manner of a witness while testifying, whether a witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

INSTRUCTION NO. 6

A witness who has special knowledge, skill, experience, training, or education in a particular area may testify as an expert in that area. You determine what weight, if any, to give to an expert's testimony just as you do with the testimony of any other witness. You should consider the expert's credibility as a witness, the expert's qualifications as an expert, the sources of the expert's information, and the reasons given for any opinions expressed by the expert.

INSTRUCTION NO. 7

This case is between an individual, David Bliss, and a company, the BNSF Railway Company. The case should be considered and decided by you as an action between persons of equal standing and worth in the community. A railroad is entitled to the same fair trial at your hands as a private individual. All of the parties to a lawsuit are entitled to the same fair and impartial consideration, whether they are corporations or individuals.

INSTRUCTION NO. 8

A corporation, such as the BNSF Railway Company, acts only through its agents or employees. The negligence of a corporation's employee, other than the plaintiff himself, is considered negligence committed by the corporation if that negligence occurred while the employee was acting within the scope of the authority delegated to him or her by the corporation.

INSTRUCTION NO. 9

The Plaintiff, David Bliss, seeks compensation for the personal injuries he alleges to have suffered as a result of negligence on the part his employer, the Defendant BNSF. The following facts are uncontroverted, and you must consider them as true.

1.    BNSF Railway Company is a corporation duly established by law, and having a usual place of business in Lincoln, Nebraska.

2.    BNSF Railwy Company was and is a railroad corporation, doing business in the State of Nebraska.

3.    BNSF Railway Company was a common carrier by railroad engaged in interstate commerce.

4.    On and before February 3, 2011, BNSF Railway Company owned, maintained and operated a railway facility commonly known as the Havelock Shops located in Lincoln, Nebraska.

5.    On and before February 3, 2011, Plaintiff David Bliss was employed by the BNSF Railway Company, as a carman.

6.    Plaintiff David Bliss' rights, if any, to recover damages in this action is governed by the Federal Employers' Liability Act, 45 U.S.C. § 51 *et seq.*

7.    Plaintiff David Bliss is no longer employed by defendant BNSF as of November 7, 2011.

8.    Plaintiff David Bliss was negligent while using the long ram on February 3, 2011, and plaintiff's negligence was a cause, in whole or in part, of his claimed injury and resulting damages.

INSTRUCTION NO. 10

Section 1 of the Federal Employers' Liability Act (45 U.S.C. § 51) under which the plaintiff claims the right to recover damages in this action, provides in part that:

> Every common carrier by railroad while engaging in commerce between any of the several States... shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce,... for such injury... resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier....

It is agreed that, at the time and place alleged by the plaintiff, defendant BNSF Railway Company was a common carrier by railroad engaged in interstate commerce; the plaintiff was then an employee of the defendant, engaged in such commerce; and that the plaintiff's right, if any, to recover in this case is governed by the provisions of the Federal Employers' Liability Act.

## INSTRUCTION NO. 11

The term "negligent" or "negligence" as used in these Instructions means the failure to use ordinary care.  The phrase "ordinary care" means that degree of care that an ordinarily careful person would use under the same or similar circumstances.  The degree of care used by an ordinarily careful person depends upon the circumstances which are known or should be known and varies in proportion to the harm that a person reasonably should foresee.  In deciding whether a person was negligent or failed to use ordinary care, you must consider what that person knew or should have known and the harm that should reasonably have been foreseen.

INSTRUCTION NO. 12

Your verdict must be for plaintiff David Bliss and against defendant BNSF  on plaintiff's claim if all of the following elements have been proved:

First, defendant BNSF failed to provide:

1.    reasonably safe methods of work in that it failed to require the plaintiff to obtain additional help or use mechanical assistance when using the long ram to perform plaintiff's work on February 3, 2011.

2.    reasonably safe and suitable equipment and tools, specifically an A-frame lift capable of bringing a ram to the floor for plaintiff's use in performing plaintiff's work on February 3, 2011.

3.    reasonably safe methods of work in that it failed to assign adequate help for using the long ram to perform the work assigned to the plaintiff on February 3, 2011.

Second, defendant BNSF was negligent in any one or more of the ways described in Paragraph First, and

Third, the Plaintiff's injuries were caused, in whole or in part, by the BNSF's negligence.

If the plaintiff has not proved any of the above elements by the greater weight of the evidence, then your verdict must be for defendant BNSF.

13

INSTRUCTION NO. 13

If you find in favor of the plaintiff under Instruction No. 12, you must assess the percentage of the total negligence attributable to the plaintiff himself which was a cause in whole or in part, of the plaintiff's claimed injuries.

In assessing the plaintiff's negligence, you may consider the extent to which the plaintiff failed to:

1. Adopt and use reasonably safe work habits;

2. Act in accordance with the specific instruction and orders of his superiors, his formal job training, and/or his on-the-job experience when performing his assigned work;

3. Request and use available equipment and tools for performing his assigned work;

4. Request additional assistance to perform his assigned work tasks;

5. Report any alleged safety hazards due to the lack of equipment or assistance needed to safely perform his work;

6. Use reasonably safe lifting practices while performing his job.

Plaintiff David Bliss was negligent when he was using the long ram on February 3, 2011, and that negligence was a cause, in whole or in part, of the plaintiff's claimed injury. If such negligence was the sole cause of the injury, then the plaintiff may not recover under the Federal Employers' Liability Act.

14

INSTRUCTION NO. 14


Do not diminish the total amount of damages by the percentage of negligence you assess to plaintiff. The court will do this.

INSTRUCTION NO. 15

An employer, such as defendant BNSF Railway Company in this case, has a duty to use ordinary care to provide employees reasonably safe equipment with which to do their work.

However, an employer is not required to furnish the latest, best and safest equipment, or to discard standard equipment upon the discovery of later developments. Neither is there any duty on the employer to anticipate the misuse of equipment nor to guard against the consequences of misuse.

Ordinarily, an employee is not required to make any inspection of the equipment that the employer furnishes. In the absence of knowledge to the contrary and in the absence of circumstances that caution such employee or would caution a reasonably careful person in like position to the contrary, an employee may assume that the employer has furnished him with safe equipment with which to perform such work, and may rely and act on that assumption.

However, it is the duty of the employee to use ordinary care to discover open and obvious defects which render such equipment dangerous to use in the performance of his work.

16

INSTRUCTION NO. 16

There is evidence that the plaintiff had back problems prior to February 3, 2011. If you find for the plaintiff, you should compensate him for any aggravation of an existing back condition resulting from the February 3, 2011 incident. If you find that there was an aggravation, you should determine if you can, what portion of the plaintiff's back condition resulted from the aggravation and make allowance in your verdict only for the aggravation. However, if you cannot make that determination or if it cannot be said that the condition would have existed apart from the incident occurring on February 3, 2011, you should consider and make allowance in your verdict for the entire injury.

Defendant is not to be held responsible for any injury caused by any preexisting condition which would have resulted independently of the alleged injury on February 3, 2011.

17

INSTRUCTION NO. 17

If you find in favor of the plaintiff, then you must award such sum as you find by the greater weight of the evidence will fairly and justly compensate plaintiff for any damages you find he sustained and is reasonably certain to sustain in the future as a direct result of the occurrence mentioned in the evidence.

You should consider the following elements of damages:

1.    The physical pain and mental suffering plaintiff has experienced and is reasonably certain to experience in the future; the nature and extent of the injury, whether the injury is temporary or permanent and whether any resulting disability is partial or total, including any aggravation of a pre-existing condition;

2.    The earnings the plaintiff has lost to date and the present value of the diminished earning capacity that he is reasonably certain to experience in the future;

18

INSTRUCTION NO. 18

"Earning capacity" refers to the capability of a person to sell his labor or services in any market reasonably accessible to him, taking into consideration his general physical functional impairments resulting from acts and conduct of the defendant. Earning capacity does not necessarily mean the actual earnings that one who suffers an injury was making at the time the injuries were sustained, but refers to that which, by virtue of the training, experience, and business acumen possessed, an individual is capable of earning. "Diminished earning capacity" refers to damage to one's ability to earn wages in the future.

INSTRUCTION NO. 19

Defendant has alleged that the plaintiff failed to take reasonable steps to minimize his damages by failing to earn wages when he was able to work, and by failing to timely seek other employment or retraining consistent with any physical limitations or problems. If you find that defendant has proved by the greater weight of the evidence that the plaintiff has failed to take reasonable steps to minimize his damages, then your award must not include any sum for any amount of damage which you find the plaintiff might have reasonably avoided by taking such steps.

INSTRUCTION NO. 20

Remember, throughout your deliberations you must not engage in any speculation, guess, or conjecture.   You must not consider whether the plaintiff may receive compensation or benefits from other sources, and you must not award any damages by way of punishment or through sympathy.

INSTRUCTION NO. 21

If you find that the plaintiff will sustain a diminished earning capacity, then you must reduce those future damages to their present value.

The present value of future damages is the amount of money that will fully compensate the plaintiff for future damages, assuming that amount is invested now and will earn a reasonably risk-free rate of interest for the time that will pass until the future damages occur.

You must not reduce to present value any non-economic damages you find that the plaintiff is reasonably certain to sustain in the future, such as for pain and suffering, or mental anguish.

INSTRUCTION NO. 22

The plaintiff will not be required to pay any federal or state income taxes on any amount that you award. When calculating lost earnings, if any, you should use after-tax earnings.

INSTRUCTION NO. 23

The law forbids you to return a verdict determined by chance. You may not, for instance, agree in advance that each juror will state an amount to be awarded in damages, that all of those amounts will be added together, that the total will be divided by the number of jurors, and that the result will be returned as the jury's verdict. A verdict determined by chance is invalid.

## INSTRUCTION NO. 24

Your verdict must be agreed to by all eight (8) of you; that is, it must be unanimous.

INSTRUCTION NO. 25

In conducting your deliberations and returning your verdict, there are certain rules you must follow.

First, when you go to the jury room, you must select one of your members as your foreperson. That person will preside over your discussions and speak for you here in court.

Second, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement if you can do so without sacrificing individual judgment. Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors. Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict. Remember at all times that you are not partisans. You are judges-judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Third, if you need to communicate with me during your deliberations, you may send a note to me through the courtroom deputy, signed by one or more jurors. You may summon the courtroom deputy by using the telephone in the jury room to call my chambers at the number provided by the courtroom deputy. The caller should clearly identify himself or herself as a member of the jury so that my staff will react accordingly. I will respond to your communication as soon as possible either in writing or orally in open court. Remember that you should not tell anyone, including me, how your votes stand numerically.

If you do not agree on a verdict by 5:00 o'clock p.m., you may separate and return for deliberation at 8:30 a.m. on the next business day. You may deliberate after 5:00 o'clock p.m., but, if so, please notify my staff in advance by using the telephone in the jury room to call my chambers at the number provided by the courtroom deputy.

Please also notify my chambers staff by telephone whenever you separate during the day or at the end of the day, and advise when you expect to return to the jury room to reconvene your deliberations. If you do separate, then during that time, you are not allowed to discuss this case with anyone, even another juror.

Fourth, your verdict must be based solely on the evidence and law which I have given to you in my instructions. Nothing I have said or done is intended to suggest what your verdict should be-that is entirely for you to decide.

Finally, the verdict form is simply the written notice of the decision that you reach in this case. You will take this form to the jury room, complete it pursuant to the instructions on the form, and advise my chambers staff by telephone when you are ready to return to the courtroom to deliver your verdict.

Submitted at _10:35AM_ on May _22nd_, 2014.


BY THE COURT:

United States Magistrate Judge



# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

DAVID BLISS,

               Plaintiff,

   vs.

BNSF RAILWAY COMPANY,

               Defendant.

**4:12CV3019**

**VERDICT FORM**

Please answer the following questions in accordance with the jury instructions and the instructions contained in this form.

## VERDICT

On plaintiff David Bliss' claim against defendant BNSF Railway Company, we, the jury find in favor of:

|  | or |  |
|---|---|---|
| Plaintiff David Bliss | | Defendant BNSF Railway Company |

Note:  Complete the next paragraph only if the above finding is in favor of the plaintiff.

We, the jury, assess the total damages of Plaintiff David Bliss at $____.

**DO NOT REDUCE THIS AMOUNT BY THE PERCENTAGE OF NEGLIGENCE YOU FIND IN THE NEXT QUESTION.**

Write the percentage of negligence you attribute to Plaintiff David Bliss under instruction No. 13 in the blank in the following paragraph. The court will then reduce the total damages you assess above by the percentage of negligence you assess to plaintiff.

We, the jury, find Plaintiff David Bliss to be ____% negligent.

_____
Foreperson

Dated: _____

29